# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG WAY,<br><br>          Plaintiff,<br><br>     vs.<br><br>20 UNKNOWN EMPLOYEES,<br><br>          Defendants. | )  1:12cv00357 AWI DLB PC<br>)<br>)<br>)  ORDER REQUIRING PLAINTIFF TO<br>)  SUBMIT AMENDED COMPLAINT<br>)  WITHIN THIRTY DAYS<br>)<br>)  THIRTY DAY DEADLINE<br>)<br>) |

Plaintiff Long Way ("Plaintiff"), a federal prisoner proceeding pro se, filed this civil action on March 9, 2012, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. He names 20 Unknown Employees of Federal Bureau of Prisons USP-Atwater, as Defendants.

Plaintiff paid the filing fee and is therefore not proceeding in forma pauperis.

**A.     LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret

Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff names 20 Unknown Employees of Federal Bureau of Prisons- Atwater as Defendants in this action. He further identifies them as approximately 20 members of the shakedown crew on or about April 7, 2010.

Plaintiff alleges that during the April 2010 lockdown at Atwater, a mass shakedown was conducted in Unit 5A on or about April 7, 2010. Pursuant to the instructions of the shakedown crew, Plaintiff packed all of his personal property and government issued property into 10 full bags, with his name and cell number visible on each bag. The 10 bags included: 1 bag of government issued property, 3 bags of personal/commissary items and 6 bags of legal property. Plaintiff observed the shakedown crew remove 10 bags of property from his cell to be x-rayed. From there, his property was moved again to be manually searched.

After Plaintiff's cell was searched and checked off on the shakedown log, Plaintiff was brought back to his cell. The crew returned 1 bag of government issued items, 1 bag of personal items and 3 bags of legal property. The returned bags were noted on the log sheet. Plaintiff asked about the remaining 5 bags (2 bags of personal property and 3 bags of legal property) and was told that they would be returned when the crew had finished their assigned tasks. Plaintiff's 5 bags were not returned and he never received a confiscation form to document confiscation of the property.

Plaintiff alleges that none of his bags contained contraband. He also explains that from 2002 to 2009, he worked in the laundry department, where he witnessed shakedown crews push carts of inmates' personal property and contraband to the trash compactor.

Plaintiff inquired about his 5 bags of property, and Counselor Coggin was able to locate and return 2 bags of personal property. Plaintiff believes that his 3 bags of legal property were

either intentionally or negligently lost or destroyed by the shakedown crew.  He explains that there were approximately 20,000 pages or more of legal documents related to his cases challenging his conviction.[1]  His section 2255 petition had been pending in the United States District Court for the Eastern District of California since 2004, and he was working on a writ of mandamus to compel the court to issue an order when Atwater was placed on lockdown in April 2010.

Due to the intentional and/or negligent actions of the shakedown crew, Plaintiff was not able to perfect his writ.  He asked the Clerk of Court about his case file and was informed that pro se status does not include free copies of legal documents.  Plaintiff also contacted Attorney Diversified Services and was told that his case file was too large for a cost estimate.

In November 2010, Plaintiff received a response from his administrative remedy and was told to file a tort claim because no information regarding the 3 bags could be located.  Plaintiff's tort claim was denied on July 27, 2011, based on a finding that there was no negligence by the shakedown crew.  Plaintiff's request for reconsideration was denied on December 21, 2011, based on the finding that Plaintiff's 10 bags of property were consolidated into 7 bags after excess government issued property was removed.  Plaintiff contends that the 1 bag of government issued property did not contain excess property, and even if it had, that still leaves a partial bag and 9 other bags to return.

Plaintiff contends that the shakedown crew neglected to take precautions to safeguard his property and violated every Federal Bureau of Prisons policy regarding confiscation of personal property when they lost or destroyed his property without documentation.

On August 29, 2011, the Court issued an order denying Plaintiff's section 2255 petition.  Without his legal file, Plaintiff contends that he was not able to raise every constitutional issue

---

[1] Plaintiff states that in 1997, he was wrongly accused and convicted by a jury of conspiracy to manufacture marijuana.  He was sentenced to 50 years.

4

with merit in his application for a certificate of appealability.  As of the date of this complaint, he is still without his property.

Plaintiff believes that the arbitrary actions of the crew might be in retaliation for the death of a prison guard in 2008 by Pacific Islanders, an ethnic group classified the same as Plaintiff, who is Asian.  He also believes that it might be in retaliation for having to haul Plaintiff's legal file every time there is a mass shakedown during a lockdown at Atwater.

Plaintiff alleges violations of his First, Fifth and Sixth Amendment rights based on the intentional and/or negligent actions of the shakedown crew in confiscating, then losing or destroying, his 3 bags of legal property.

Plaintiff requests declaratory relief and monetary damages.

**C.      DISCUSSION**

     1.      Loss of Property

Plaintiff alleges that Defendants either negligently or intentionally lost or destroyed his legal property.

The Due Process Clause protects prisoners from being deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, Hansen v. May, 502 F.2d 728, 730 (9th Cir.1974).  However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n. 13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435–36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir.1985), neither negligent nor unauthorized intentional deprivations of property by a governmental employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533; see also Raditch v. United States, 929 F.2d 478, 481 (9th Cir.1991)

("Although Hudson involved § 1983 and the Fourteenth Amendment, the same due process principles apply to the federal government through the Fifth Amendment.").

The deprivation of Plaintiff's property began as an authorized deprivation performed pursuant to Federal Bureau of Prisons policy. Plaintiff's allegations are, however, based on Defendants' actions *after* the authorized deprivation. Plaintiff contends that Defendants either negligently and/or intentionally lost or destroyed his legal property. The alleged loss or destruction, then, was unauthorized. Where the deprivation is negligent and/or intentional, but unauthorized, Plaintiff cannot state a claim because the Federal Tort Claims Act provides a meaningful post-deprivation remedy.

This claim cannot be cured by amendment.

2.  First Amendment- Access to Courts

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted).

Construed liberally, Plaintiff's allegations state a claim for active interference with his ability to challenge his criminal conviction and sentence. Plaintiff alleges that Defendants' actions prevented him from presenting all issues with merit in his application for a certificate of appealability, and that he continues to be without his necessary legal files to pursue his ongoing litigation. Plaintiff has therefore alleged both active interference and an actual injury. Silva, 658 F.3d at 1103.

Plaintiff has not, however, identified *any* Defendants. This issue will be discussed at the end of this order.

### 3. First Amendment – Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Here, Plaintiff alleges that Defendants' destruction or loss of his legal property "might" be in retaliation for the prior killing of a guard, or for having to "haul Plaintiff's legal file every time there's a mass shakedown during lockdown of USP-Atwater." Compl. 7. If Plaintiff is attempting to state a retaliation claim, his allegations fail to do so. First, his allegations are speculative. Second, and more importantly, the alleged acts were not taken in retaliation for any protected conduct under the First Amendment.

The Court will allow Plaintiff to amend this claim if he so chooses, but he should only do so if he believes it can be amended in good faith.

### 4. Sixth Amendment

The Sixth Amendment guarantees Plaintiff the right to represent himself in criminal proceedings, Faretta v. California, 422 U.S. 806, 834-36 (1975), and that right includes access to law books, witnesses, and other tools necessary to prepare a defense, Taylor v. List, 880 F.2d 1040, 1047 (1989) (quotation marks and citation omitted); Milton v. Morris, 767 F.2d 1443, 1446-47 (9th Cir. 1985).

7

However, Plaintiff's claim is subject to dismissal pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." Id.

Although Plaintiff alleges a violation of the Sixth Amendment, he cannot state a claim under section 1983 until his conviction or sentence has been invalidated.

The Court will allow Plaintiff to amend this claim if he so chooses, but he should only do so if he can allege, in good faith, that his conviction or sentence has been invalidated in some way.

### 5.     Identification of Doe Defendants

Ordinarily, where the Court finds at least one cognizable claim, the Court will give Plaintiff the option of proceeding on the cognizable claim and dismissing the remaining claims, or filing an amended complaint to cure the identified deficiencies.

In this situation, however, Plaintiff must file an amended complaint because he has not named *any* Defendants. Without naming any Defendants, Plaintiff, who is not proceeding in forma pauperis, will not be able to serve the complaint pursuant to Federal Rule of Civil Procedure 4.[2]

---

[2] When a Plaintiff pays the filing fee and is not proceeding in forma pauperis, he is responsible for serving Defendants in accordance with Federal Rule of Civil Procedure 4. This requires Plaintiff to complete service of process and file proof thereof with the Court within 120 days. Fed. R. Civ. P. 4(m).

### D.     **CONCLUSION AND ORDER**

Plaintiff's complaint states a cognizable claim for violation of the First Amendment based on interference with access to the courts . He cannot cure the due process claim by amendment, but the Court will allow him to amend the First Amendment retaliation claim and the Sixth Amendment claim.

Plaintiff is ORDERED to file an amended complaint naming at least one Defendant within within thirty (30) days of the date of service of this order. The amended complaint may either state only the cognizable claim OR may attempt to cure the deficiencies noted above. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff's amended complaint may not change the nature of this suit by adding new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Further, Plaintiff is notified that his amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Plaintiff is reminded that he should only amend claims which he believes, in good faith, can be cured.

Based on the foregoing, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.     Within thirty (30) days from the date of service of this order, Plaintiff must file an amended complaint naming at least one Defendant. The amended complaint must either:

    a.     State only the First Amendment access to courts claim, which this Court has found cognizable; or

    b.     State the First Amendment access to courts claim and a cured First Amendment retaliation claim and/or Sixth Amendment claim.

3. <u>If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to effectuate service</u>.

IT IS SO ORDERED.

Dated:   **February 26, 2013**                     /s/ Dennis L. Beck
                                                           UNITED STATES MAGISTRATE JUDGE