# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONG WAY, | ) 1:12cv00357 AWI DLB PC |
|       Plaintiff, | ) FINDINGS AND RECOMMENDATION |
| vs. | ) REGARDING DISMISSAL OF CERTAIN CLAIMS |
| 20 UNKNOWN EMPLOYEES, | ) TWENTY-DAY OBJECTION DEADLINE |
|       Defendants. | ) |

      Plaintiff Long Way ("Plaintiff"), a federal prisoner proceeding pro se, filed this civil action on March 9, 2012, pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff paid the filing fee and is therefore not proceeding in forma pauperis.

      On March 22, 2013, Plaintiff filed a First Amended Complaint ("FAC") pursuant to the Court's prior screening order. As he did in his original complaint, Plaintiff again named "20 Unknown Name Employees of Federal Bureau of Prisons-Atwater."[1]

---

[1] Plaintiff has submitted a request for subpoena to discover the names of the unknown Defendants. That request, as well as the pending Order to Show Cause, will be addressed by separate order.

1

A. **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff names 20 Unknown Employees of Federal Bureau of Prisons- Atwater as Defendants in this action. He further identifies them as approximately 20 members of the shakedown crew on or about April 7, 2010.

Plaintiff alleges that during the April 2010 lockdown at Atwater, a mass shakedown was conducted in Unit 5A on or about April 7, 2010. Pursuant to the instructions of the shakedown crew, Plaintiff packed all of his personal property and government issued property into 10 full bags, with his name and cell number visible on each bag. The 10 bags included: 1 bag of government issued property, 3 bags of personal/commissary items and 6 bags of legal property. Plaintiff observed the shakedown crew remove 10 bags of property from his cell to be x-rayed. From there, his property was moved again to be manually searched.

After Plaintiff's cell was searched and checked off on the shakedown log, Plaintiff was brought back to his cell. The crew returned 1 bag of government issued items, 1 bag of personal items and 3 bags of legal property. The returned bags were noted on the log sheet. Plaintiff asked about the remaining 5 bags (2 bags of personal property and 3 bags of legal property) and was told that they would be returned when the crew had finished their assigned tasks. Plaintiff's 5 bags were not returned and he never received a confiscation form to document confiscation of the property.

Plaintiff alleges that none of his bags contained contraband. He also explains that from 2002 to 2009, he worked in the laundry department, where he witnessed shakedown crews push carts of inmates' personal property and contraband to the trash compactor.

Plaintiff inquired about his 5 bags of property, and Counselor Coggin was able to locate and return 2 bags of personal property. Plaintiff believes that his 3 bags of legal property were either intentionally or negligently lost or destroyed by the shakedown crew. He explains that there were approximately 20,000 pages or more of legal documents related to his cases challenging his conviction.[2] His section 2255 petition had been pending in the United States District Court for the Eastern District of California since 2004, and he was working on a writ of mandamus to compel the court to issue an order when Atwater was placed on lockdown in April 2010.

Due to the intentional and/or negligent actions of the shakedown crew, Plaintiff was not able to perfect his writ. He asked the Clerk of Court about his case file and was informed that pro se status does not include free copies of legal documents. Plaintiff also contacted Attorney Diversified Services and was told that his case file was too large for a cost estimate.

In November 2010, Plaintiff received a response from his administrative remedy and was told to file a tort claim because no information regarding the 3 bags could be located. Plaintiff's tort claim was denied on July 27, 2011, based on a finding that there was no negligence by the shakedown crew. Plaintiff's request for reconsideration was denied on December 21, 2011, based on the finding that Plaintiff's 10 bags of property were consolidated into 7 bags after excess government issued property was removed. Plaintiff contends that the 1 bag of government issued property did not contain excess property, and even if it had, that still leaves a partial bag and 9 other bags to return.

---

[2] Plaintiff states that in 1997, he was wrongly accused and convicted by a jury of conspiracy to manufacture marijuana. He was sentenced to 50 years.

Plaintiff contends that the shakedown crew neglected to take precautions to safeguard his property and violated every Federal Bureau of Prisons policy regarding confiscation of personal property when they lost or destroyed his property without documentation.

On August 29, 2011, the Court issued an order denying Plaintiff's section 2255 petition. Without his legal file, Plaintiff contends that he was not able to raise every constitutional issue with merit in his application for a certificate of appealability. As of the date of this complaint, he is still without his property.

Plaintiff believes that the arbitrary actions of the crew might be in retaliation for the death of a prison guard in 2008 by Pacific Islanders, an ethnic group classified the same as Plaintiff, who is Asian. He also believes that it might be in retaliation for having to haul Plaintiff's legal file every time there is a mass shakedown during a lockdown at Atwater.

Plaintiff alleges violations of his First and Sixth Amendment rights based on the loss of his legal material.

Plaintiff requests declaratory relief and monetary damages.

**C.     DISCUSSION**

1.     First Amendment- Access to Courts

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is actual prejudice with respect to contemplated or existing litigation. Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis v. Casey, 518 U.S. 343, 348, 116 S.Ct. 2174 (1996)) (quotation marks omitted).

As the Court found in the first screening order, Plaintiff's allegations state a claim for active interference with his ability to challenge his criminal conviction and sentence. Plaintiff alleges that Defendants' actions prevented him from presenting all issues with merit in his

application for a certificate of appealability, and that he continues to be without his necessary legal files to pursue his ongoing litigation.  Plaintiff has therefore alleged both active interference and an actual injury.  Silva, 658 F.3d at 1103.

Plaintiff has not, however, identified *any* named Defendants.

2.    Sixth Amendment

The Sixth Amendment guarantees Plaintiff the right to represent himself in criminal proceedings, Faretta v. California, 422 U.S. 806, 834-36 (1975), and that right includes access to law books, witnesses, and other tools necessary to prepare a defense, Taylor v. List, 880 F.2d 1040, 1047 (1989) (quotation marks and citation omitted); Milton v. Morris, 767 F.2d 1443, 1446-47 (9th Cir. 1985).

The nature of Plaintiff's claim in his original complaint was unclear and he was granted leave to amend.  In his FAC, Plaintiff cites his Sixth Amendment right "to his legal material necessary to prepare his ongoing litigation."  The Sixth Amendment, however, is based on a criminal defendant's right to prepare a defense and only applies in criminal proceedings.  Here, Plaintiff asserts his Sixth Amendment rights in connection with a 2255 petition.  A 2255 petition is a *civil* matter and the Sixth Amendment does not apply.

Accordingly, Plaintiff cannot state a claim under the Sixth Amendment and the claim should be dismissed.

3.    Identification of Doe Defendants

Ordinarily, where the Court finds at least one cognizable claim, the Court will give Plaintiff the option of proceeding on the cognizable claim and dismissing the remaining claims, or filing an amended complaint to cure the identified deficiencies.

Without naming any Defendants, however, Plaintiff, who is not proceeding in forma pauperis, will not be able to serve the complaint pursuant to Federal Rule of Civil Procedure 4.[3]

As explained above, Plaintiff has also submitted a request for a subpoena pursuant to Federal Rule of Civil Procedure 45.  This will be discussed by separate order.

If and when Plaintiff is able to identify Defendants, he will be required to submit an amended complaint setting forth their names.  <u>He need not file an amended complaint at this time.</u>

### D.     **FINDINGS AND RECOMMENDATIONS**

The Court finds that Plaintiff's FAC states a cognizable claim under the First Amendment.  It does not state a claim under the Sixth Amendment and this deficiency cannot cured. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's Sixth Amendment Claim be DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

///

///

---

[3] When a Plaintiff pays the filing fee and is not proceeding in forma pauperis, he is responsible for serving Defendants in accordance with Federal Rule of Civil Procedure 4.  This requires Plaintiff to complete service of process and file proof thereof with the Court within 120 days.  Fed. R. Civ. P. 4(m).

IT IS SO ORDERED.

Dated:   **April 20, 2013**                                /s/ Dennis L. Beck
                                            UNITED STATES MAGISTRATE JUDGE