1
2
3
4
5
6          **UNITED STATES DISTRICT COURT**
7              EASTERN DISTRICT OF CALIFORNIA
8
9
10
11   LONG WAY,                                  )   1:12cv00357 AWI DLB PC
                                                )
12              Plaintiff,                      )
                                                )
13        vs.                                   )   **ORDER DISMISSING SECOND**
                                                )   **AMENDED COMPLAINT**
14   20 UNKNOWN EMPLOYEES,                       )   **WITH LEAVE TO AMEND**
                                                )
15              Defendants.                     )   **THIRTY DAY DEADLINE**
                                                )
16

17        Plaintiff Long Way ("Plaintiff"), a federal prisoner proceeding pro se, filed this civil

18   action on March 9, 2012, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau</u>

19   <u>of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by

20   federal actors.  Plaintiff paid the filing fee and is therefore not proceeding in forma pauperis.

21        In his original complaint, Plaintiff named 20 Unknown Employees of Federal Bureau of

22   Prisons USP-Atwater, as Defendants.  He did not identify *any* Defendants by name.  The Court

23   screened the complaint on February 27, 2013, and dismissed the complaint with leave to amend.

24   Although the Court found a cognizable First Amendment access to courts claim, the Court

25   explained that Plaintiff had to file an amended complaint naming at least one Defendant because

26   he could not effectuate service otherwise.[1]

27

28   _____
     [1] On May 30, 2013, the Court dismissed Plaintiff's remaining claims.

                                        1

On March 22, 2013, Plaintiff filed a First Amended Complaint and again failed to name any specific Defendants.

On April 22, 2013, the Court granted Plaintiff's request for a subpoena directed at the Warden at USP-Atwater.  The subpoena sought the names of the officers who conducted a shakedown at USP-Atwater, Unit 5A, on the day in question.

Plaintiff filed a Second Amended Complaint ("SAC") on June 27, 2013.

A.    **LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Bivens actions and actions under 42 U.S.C. § 1983 "are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir.1991). Under Bivens, a plaintiff may sue a federal officer in his or her individual capacity for damages for violating the plaintiff's constitutional rights. See Bivens, 403 U.S. at 397. To state a claim a plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor.

Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## C.     DISCUSSION

In his SAC, Plaintiff provides the names of 25 employees who were part of the shakedown crew on or about April 9, 2010, as Defendants. However, while Plaintiff's SAC continues to state a First Amendment access to courts claim and he has now identified Defendants by name, he has failed to link any named Defendant to any specific violation.

Instead, Plaintiff simply refers to the "shakedown crew" as a unit and refers to the "shakedown crew" in his allegations throughout the SAC. As explained above, however, to state a claim, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

Simply referring to the "shakedown crew" as a whole is insufficient to demonstrate personal liability on the part of *any* Defendant. Plaintiff must link a named Defendant to an

alleged violation to state a claim.  It appears that Plaintiff obtained a document entitled, "Daily Assignment Accountability" that lists the employees in Unit 5A on April 9, 2010.  There are 25 employees total on this list, broken down as Property Runners, Property #1 through #6 and Confiscation.  Plaintiff has simply listed each employee as a Defendant, but has failed to link any named Defendant to a specific act.

Plaintiff will be given an opportunity to amend.  In amending, he must link each named Defendant to an allegedly unconstitutional act.  Certainly, Plaintiff need not name all 25 individuals as Defendants if he cannot link each individual to an act, but he must allege personal participation by at least one Defendant to sufficiently state a claim.  Plaintiff should only amend if he can, in good faith, demonstrate personal involvement on behalf of a Defendant.

**D.      CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a cognizable claim because he has failed to demonstrate personal participation by any named Defendant.

Plaintiff is ORDERED to file an amended complaint fixing this deficiency within thirty (30) days of the date of service of this order.  Plaintiff's amended complaint may not change the nature of this suit by adding new, unrelated claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  Further, Plaintiff is notified that his amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  Plaintiff is reminded that he should only amend claims which he believes, in good faith, can be cured.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Within thirty (30) days from the date of service of this order, Plaintiff must file an amended complaint curing the above deficiencies;

4

3.      <u>If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.</u>

IT IS SO ORDERED.

Dated:    **July 8, 2013**                         /s/ *Dennis L. Beck*

UNITED STATES MAGISTRATE JUDGE