# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| LONG WAY,<br><br>                Plaintiff,<br><br>     vs.<br><br>20 UNKNOWN EMPLOYEES,<br><br>               Defendants. | ) 1:12cv00357 AWI DLB PC<br>)<br>) FINDINGS AND RECOMMENDATIONS<br>) REGARDING DEFENDANTS' MOTION<br>) FOR SUMMARY JUDGMENT BASED ON<br>) EXHAUSTION, DEFENDANTS' MOTION<br>) TO DISMISS FOR FAILURE TO STATE A<br>) CLAIM, AND PLAINTIFF'S CROSS<br>) MOTION FOR SUMMARY JUDGMENT<br>) (Documents 118 and 125)<br>)<br>) ORDER DENYING MOTIONS TO STRIKE<br>) AS MOOT<br>) (Documents 131 and 132)<br>) |

Plaintiff Long Way ("Plaintiff"), a federal prisoner proceeding pro se, filed this civil action on March 9, 2012, pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  The action is proceeding against numerous Defendants for violation of the First Amendment right of access to the courts.[1]

On April 24, 2014, Defendants filed a motion for summary judgment based on exhaustion and a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff

---

[1] Service on Defendant Sanchez was returned unexecuted on March 6, 2014.

opposed the motion on June 6, 2014, and also moved for summary judgment on the merits on his claims.  Defendants filed a reply/opposition on July 7, 2014, and Plaintiff filed a reply on July 21, 2014.

On July 31, 2014, Plaintiff filed a "motion to strike" Defendants' affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).  On August 5, 2014, Defendants moved to strike Plaintiff's filing, contending that it was an unauthorized surreply.  Plaintiff opposed the motion to strike on August 18, 2014.

All pending motions are ready for decision pursuant to Local Rule 230(l).

A.    **ALLEGATIONS IN THIRD AMENDED COMPLAINT**

Plaintiff is currently incarcerated at the Federal Correctional Institution, Victorville.  The events occurred while Plaintiff was housed at the United States Penitentiary in Atwater, California.

Plaintiff alleges that on or about April 9, 2010, during a lockdown at Atwater, a mass shakedown was conducted in Unit 5A.  Pursuant to the instructions of the shakedown crew (all 27 Defendants), Plaintiff packed all of his personal property and government issued property into 10 full bags, with his name and cell number visible on each bag. The 10 bags included: 1 bag of government issued property, 3 bags of personal/commissary items and 6 bags of legal property.

Plaintiff observed Defendants Gray, Tincher, Bautista, Herrera, Ortiz and Garcia remove 10 bags of property from his cell to be x-rayed on the first floor.  From there, his property was moved again to be manually searched out of view of the inmates.  Plaintiff contends that the "USP-Atwater Daily Assignment Accountability of April 9, 2010" reveals that Plaintiff's bags were searched by Defendants Ciufo, Adam, Silver, Aquitana, Linsenmeyer, Gardea, Sanchez, Aguirre, Jackson, Scott, Taitano, Fields, Wolff, Sahota, Robinson, Gallegos, Shandor, Paniagua, Cole, Watkins and Spencer.

After Plaintiff's cell was searched and checked off on the shakedown log posted on his cell door, Plaintiff was brought back to his cell.  Although ten bags were removed, Defendants Gray, Tincher, Bautista, Herrera, Ortiz and Garcia only returned 5 bags (1 bag of government issued items, 1 bag of personal items and 3 bags of legal property).

Plaintiff asked them about his other 5 bags of property, and was told that they would be returned when the crew had finished their assigned tasks.  Plaintiff's 5 bags were not returned and he never received a confiscation form when the forms were handed out by Defendants Watkins and Spencer.  Plaintiff asked Defendant Watkins and Spencer about his 5 missing bags and demanded a confiscation form.  Defendants Watkins and Spencer told him that there was no confiscation form concerning the 5 bags, and that they would look for his missing bags when they were done handing out forms to the other inmates.  They never returned.

Plaintiff alleges that none of his bags contained contraband.  He also explains that he has been through numerous shakedowns at Atwater, and had always received a confiscation form and got his property back after the institution came off lockdown.

Plaintiff contends that after the April 2010 search, his 5 bags of property were illegally confiscated and destroyed without documentation "due to the collective actions" of all 27 Defendants.  TAC, at 6.

Plaintiff also explains that from 2002 to 2009, he worked in the laundry department at Atwater, where he witnessed shakedown crews push carts of inmates' personal property and contraband to the trash compactor.

Plaintiff inquired about his 5 bags of property, and Counselor Coggin was able to locate and return 2 bags of personal property.  After numerous conversations with Coggin and other inmates housed in Unit 5A, Plaintiff concluded that all 27 Defendants illegally confiscated his legal property and destroyed it without documentation.

3

Plaintiff contends that part of the legal property is irreplaceable.  Plaintiff states that in 1997, he was wrongly accused and convicted by a jury of conspiracy to manufacture marijuana. He was sentenced to 50 years.  He had been accumulating his legal files related to his cases challenging his conviction.

Plaintiff's section 2255 petition had been pending in the United States District Court for the Eastern District of California since 2004, and he was working on a writ of mandamus to compel the court to issue an order when Atwater was placed on lockdown in April 2010.  Due to the intentional and/or negligent actions of all 27 Defendants, Plaintiff was not able to perfect his writ of mandamus.

After the incident, he asked the Clerk of Court about his case file and was informed that pro se status does not include free copies of legal documents.  Plaintiff also contacted Attorney Diversified Services and was told that his case file was too large for a cost estimate.

In November 2010, Plaintiff received a response from his administrative remedy BP-9 and was told to file a tort claim because no information regarding the 3 bags could be located. Plaintiff's tort claim was denied on July 27, 2011, based on a finding that there was no negligence by the shakedown crew.

On August 29, 2011, the District Court denied Plaintiff's section 2255 motion.  He contends that without his case file, he was not able to raise every constitutional issue that had merit on his certification of appealability.  The Court denied his request in April and December 2012.

Plaintiff filed a writ of certiorari to the Supreme Court, without the benefit of his case file, in June 2013.  He contends that he is still without his case file and cannot pursue the ongoing litigation to challenge his wrongful conviction.

**B.**     **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

  1.     Summary Judgment Standard- Exhaustion

The failure to exhaust is subject to a motion for summary judgment in which the court may look beyond the pleadings.  Albino v. Baca, 747 F.3d 1162, 1170 (9th Cir. 2014).  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."  Albino, 747 F.3d at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and [following such denial] the district judge rather than a jury should determine the facts."  Id.  The Albino court specified that the court should act as the finder of fact in connection with an exhaustion challenge "in a preliminary proceeding" and, "if feasible, before reaching the merits of a prisoner's claim."  Id. at 1168, 1170.

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012).  The Court determines only whether there is a genuine issue for trial, and Plaintiff's filings must be liberally construed because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

2.      Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact.  Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20.  If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice.  Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

3.      Federal Bureau of Prison's Administrative Remedy Procedure

The Federal Bureau of Prisons (BOP) provides a grievance procedure, known as the Administrative Remedy Program, which allows inmates to seek formal review of any issue relating to their confinement at BOP-run institutions.  28 C.F.R. § 542.10, et seq.  The first step in the process requires the inmate to present the grievance issue to staff for informal resolution, a

step which may be waived by the Warden or the institution's Administrative Remedy Coordinator.  28 C.F.R. § 542.13.

If the inmate cannot resolve the issue informally, the next step is the submission of a formal written Administrative Remedy Request on a BP-9 form to the Warden.  28 C.F.R. § 542.14; Vickers Decl. ¶ 2.

If an inmate is not satisfied with the Warden's response, the inmate may submit the request to the Regional Director on a BP-10 form within twenty days of the Warden's response. 28 C.F.R. § 542.15.

If not satisfied with the Regional Director's response, the inmate may appeal to the final level of review by submitting a BP-11 form appeal to the General Counsel within thirty days of the Regional Director's response.  Id.

4.    Analysis

It is undisputed that Plaintiff filed a BP-8 and BP-9.  Vickers Decl. ¶¶ 6,7; Pl.'s TAC, at 2.  It is undisputed that in response to his BP-9, Warden Rios stated that he conducted a review of the property search logs and could not locate any information regarding Plaintiff's missing property.  Warden Rios concluded, "In instances such as this, my only suggestion is, to contact a member of your unit team to begin tort claim proceedings."  Vickers Decl., Ex. 4; Pl.'s TAC, at 22.

The parties do not dispute that Plaintiff did not appeal the Warden's response to his BP-9, and thus he did not file an appeal at either the BP-10 or BP-11 level.  Vickers Decl. ¶ 8; TAC, at at 2.

Finally, it is undisputed that after the Warden responded to Plaintiff's BP-9, Plaintiff filed a Small Claim for Property Damage or Loss pursuant to 31 U.S.C. § 3723.  The claim was subsequently denied.  Vickers Decl. ¶ 9, Ex. 5.

The remaining question, then, is whether the Warden's response excused Plaintiff from fully exhausting his claims.  The failure to exhaust may be excused where the administrative remedies are rendered "unavailable," but Plaintiff bears the burden of demonstrating that the grievance process was unavailable to him through no fault of his own.  Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939-40 (9th Cir. 2005).

Citing Nunez, Plaintiff argues that he took reasonable steps to exhaust, but was precluded from doing so based on the Warden's instructions, and through no fault of his own.

The Court agrees.  Defendants contend that the Warden was simply offering a suggestion, but while his statement does use the term "suggestion," it nonetheless could appear to a reasonable inmate that further administrative remedies were not necessary.  Indeed, the Warden, who holds a position of high authority, told Plaintiff that his "*only* suggestion" was to begin tort claim proceedings.  ECF No. 26, at 22 (emphasis added).  The Warden's response did not include any information about subsequent levels of the appeals process.  Pursuant to the Warden's statement, Plaintiff filed a tort claim.

Under these facts, the Court finds that Plaintiff has carried his burden of demonstrating an exception to exhaustion.  Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224.  Defendants' argument that Plaintiff chose to abandon his administrative remedies is unpersuasive.

The Court therefore recommends that Defendants' motion for summary judgment based on Plaintiff's failure to exhaust be DENIED.

**C.**     **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

1.     Legal Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) (quotation marks

omitted); <u>Washington Mutual Inc. v. U.S.</u>, 636 F.3d 1207, 1216 (9th Cir. 2011).  Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, but it is not required to do so.  Fed. R. Civ. P. 56(c)(3); <u>Carmen v. San Francisco Unified School Dist.</u>, 237 F.3d 1026, 1031 (9th Cir. 2001); accord <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case.  <u>In re Oracle Corp. Securities Litigation</u>, 627 F.3d 376, 387 (9th Cir. 2010) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)).  If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." <u>In re Oracle Corp.</u>, 627 F.3d at 387 (citing <u>Celotex Corp.</u>, 477 U.S. at 323).  This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." <u>Id</u>. (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, <u>Soremekun v. Thrifty Payless, Inc.</u>, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, <u>Comite de Jornaleros de Redondo Beach v. City of Redondo Beach</u>, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012).  The Court determines only whether there is a genuine issue for trial, and Plaintiff's filings must be liberally construed because he is a pro se

prisoner.  <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

       2.    <u>Analysis</u>

      Plaintiff moves for summary judgment based solely on the allegations in his Third Amended Complaint.  Each "undisputed" fact is taken directly from his allegations and he submits no supporting evidence.  Plaintiff further argues that each fact is "undisputed" because Defendants did not respond to his "Statement of Undisputed Facts."

      Plaintiff cannot support a motion for summary judgment by simply repeating the allegations in his complaint.  Arguments or contentions do not constitute evidence.  <u>See Coverdell v. Dep't of Soc. & Health Servs.</u>, 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence).  Moreover, while Defendants did not specifically dispute Plaintiff's "facts," they indicated in a footnote in their reply that Plaintiff failed to provide sufficient evidence to support his motion.

      Accordingly, the Court recommends that Plaintiff's motion for summary judgment be DENIED.  The Court also ORDERS that (1) Plaintiff's motion to strike Defendants' affirmative defenses based on his belief that they did not dispute his facts (Document 131); and (2) Defendants' motion to strike Plaintiff's motion to strike (Document 132), are DENIED AS MOOT.  The Court did not consider either document.

**D.    <u>DEFENDANTS' MOTION TO DISMISS</u>**

       1.    <u>Legal Standard</u>

      To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); <u>Conservation Force</u>, 646 F.3d at 1242; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept

the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, <u>Daniels-Hall</u>, 629 F.3d at 998; <u>Sanders</u>, 504 F.3d at 910; <u>Morales v. City of Los Angeles</u>, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012); <u>Watison v. Carter</u>, 668 F.3d 1108, 1112 (9th Cir. 2012); <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1101 (9th Cir. 2011); <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010).

    2.   <u>Analysis</u>

Defendants contend that Plaintiff fails to state a claim because he does not allege that any Defendant personally violated the constitution.

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed under a theory of respondeat superior, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. <u>Iqbal</u>, 556 U.S. at 676-77; <u>Lemire v. California Dep't of Corr. and Rehab.</u>, 726 F.3d 1062, 1074-75 (9th Cir. 2013); <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Defendants argue that Plaintiff alleges a violation of the constitution based only on the "collective" action of all 27 Defendants.  While Plaintiff does group some of the Defendants together for certain acts, Defendants contend that these acts do not violate the Constitution.

Defendants are correct.  When Plaintiff discussed the alleged violation at issue- violation of his right to access the courts based on the illegal confiscation and destruction of his legal property- he lists all 27 Defendants and/or cites their "collective actions."  TAC, at 6, 8.  Plaintiff

cannot hold an officer liable because of his membership in a group without a showing of individual participation in the unlawful conduct. <u>Jones</u>, 297 F.3d at 935. Mere presence at the scene of an alleged unlawful is not sufficient. <u>Id</u>. at 936.

In fact, Plaintiff concludes that all 27 Defendants violated his rights based on the Unit 5A Daily Assignment Accountability log and his conversations with Counselor Coggin and other inmates. TAC, at 8. In other words, Plaintiff's allegations relating to the group as a whole aren't even based on his personal observations. This is insufficient to plausibly demonstrate that all 27 Defendants were involved in the alleged violation. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2006).

To the extent that Plaintiff names smaller groups of specific Defendants, the alleged actions taken by those named do not violate the Constitution. For example, he alleges that Defendants Gray, Tincher, Bautista, Herrera, Ortiz and Garcia removed ten bags from his cell so that they could be x-rayed and searched, but only returned five bags. These Defendants told Plaintiff that the remaining bags would be returned when the search crew finished. Similarly, Plaintiff alleges that Defendants Watkins and Spencer failed to give him a confiscation slip and told him that they would look for his bags when they were finished with their duties. Plaintiff also names approximately 21 individuals who searched his property.[2]

The actions of the specifically named actions, however, do not form the basis of his First Amendment claim. Taking property to search, searching the property, and/or failing to give a confiscation slip were not the cause of Plaintiff's alleged violation.

Rather, his alleged inability to access the courts was based on the illegal confiscation and destruction of his legal property. Plaintiff fails to allege any personal involvement by any Defendant in the alleged illegal confiscation and destruction of his legal property.

---

[2] Plaintiff names these 21 individuals based on the names listed on the Daily Assignment Accountability Log.

In his opposition, Plaintiff contends that each Defendant was an "integral participant" in the alleged violations, but his conclusory allegation made in his opposition does not cure the deficiency. Iqbal, 556 U.S. at 676-678.

To the extent that Plaintiff attempts to avoid dismissal by arguing that Defendants failed to dispute the allegations in his complaint, he cannot do so. The 12(b)(6) analysis is based solely on Plaintiff's allegations, and Defendants' position on liability has no bearing.

For these reasons, the Court recommends that Defendants' motion to dismiss for failure to state a claim be GRANTED.

**E.      QUALIFIED IMMUNITY**

1.      Legal Standard

Government officials enjoy qualified immunity from civil damages unless their conduct violates clearly established statutory or constitutional rights. Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir.2001). When a court is presented with a qualified immunity defense, the central questions for the court are: (1) whether the facts alleged, taken in the light most favorable to the plaintiff, demonstrate that the defendant's conduct violated a statutory or constitutional right; and (2) whether the right at issue was "clearly established." Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

"A government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.' " Ashcroft v. al-Kidd, 131 S.Ct. 2074, 2083, 179 L.Ed.2d 1149 (2011) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). In this regard, "existing precedent must have placed the statutory or constitutional question beyond debate." Id. The inquiry must be undertaken in light of the specific context of the particular case. Saucier, 533 U.S. at 201.

2.   <u>Analysis</u>

Defendants contend that they are entitled to qualified immunity because Plaintiff's vague allegations are insufficient to demonstrate an actual injury.

Inmates have a fundamental constitutional right of access to the courts.  <u>Lewis v. Casey</u>, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1101 (9th Cir. 2011); <u>Phillips v. Hust</u>, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation."  <u>Nevada Dep't of Corr. v. Greene</u>, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing <u>Lewis</u>, 518 U.S. at 348) (internal quotation marks omitted), cert. denied, 132 S.Ct. 1823 (2012); <u>Christopher v. Harbury</u>, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); <u>Lewis</u>, 518 U.S. at 351; <u>Phillips</u>, 588 F.3d at 655.

In his Third Amended Complaint, Plaintiff alleges that the illegal confiscation and destruction of his legal property (1) prevented him from "perfecting" his writ of mandamus to this Court in his section 2255 action; and (2) prevented him from presenting every issue with merit in his request for a certificate of appealability.

Plaintiff alleges that his section 2255 petition had been pending with this Court since 2004.  He alleges that at the time of the April 2010, shakedown, he was working on a writ of mandamus to compel this Court to issue an order on his petition.  He also alleges that his petition was denied in August 2011.

To the extent that Plaintiff contends that he was prevented from "perfecting" his writ of mandamus, the First Amendment does not provide for *perfection* of court filings.  Moreover, Plaintiff received a decision on the merits of his petition in August 2011, negating any contention that he was denied access to the court while his 2255 petition was pending.

Insofar as Plaintiff contends that he was prevented from presenting "every" constitutional issue that had merit in his request for a certificate of appealability, the docket demonstrates that

14

he filed an 87-page "Motion for Reconsideration, Notice of Appeal and Request for Certificate of Appealability" on October 24, 2011.[3]  The filing included 52 pages of argument and 35 pages of exhibits.  United States v. Way, 1:96-cr-05135-AWI, ECF No. 196.  The Court denied Plaintiff's request on April 25, 2012, finding that Plaintiff had not demonstrated that "reasonable jurists would disagree with the court's finding that Petitioner is not entitled to relief under 28 U.S.C. § 2255."  Id., ECF No. 203, at 2.

Given these facts, Plaintiff's vague assertion that he could not present every constitutional issue with merit is not sufficient to demonstrate an actual injury.  Again, the First Amendment does not require that Plaintiff be able to present *every* issue that may have merit. More importantly, however, Plaintiff was able to file a lengthy motion in October 2011, and he fails to demonstrate how the alleged loss of his property impacted that motion in any way.

In his opposition, Plaintiff sets forth his arguments as to why he believes that the District Court's decision on his 2255 petition was an abuse of discretion.  However, he presented these arguments to the Court in his October 2011, filing.  It is therefore unclear how the alleged loss of his legal property impacted this Court's decision.

Accordingly, taken in the light most favorable to Plaintiff, the Court finds that he has not stated a claim under the First Amendment, and Defendants are therefore entitled to qualified immunity.

**F.**     **RECOMMENDATION**

For these reasons, the Court RECOMMENDS that (1) Defendants' motion for summary judgment based on exhaustion be DENIED; (2) Plaintiff's motion for summary judgment be DENIED; and (3) Defendants' motion to dismiss pursuant to 12(b)(6) be GRANTED.  The Court further recommends that this action be DISMISSED WITHOUT LEAVE TO AMEND.

---

[3] The Court may take judicial notice of court records in other cases.  United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004).

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

Dated:   **October 23, 2014**                      /s/ *Dennis L. Beck*
                                                UNITED STATES MAGISTRATE JUDGE

16